Order Form (01/2005)

# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 2046 | **DATE** | APR 17 2013 |
| **CASE TITLE** | Donald Lee McDonald (N23082) vs. Warden Hardy, et al. | | |

**DOCKET ENTRY TEXT**

The plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted. The court orders the trust fund officer at the plaintiff's place of incarceration to deduct $12.96 from the plaintiff's account for payment to the Clerk of Court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Stateville Correctional Center. The clerk is directed to issue summonses for service on the defendants by the U.S. Marshal. The clerk is further directed to send the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

■ [ For further details see text below.]                                                      Docketing to mail notices.

## STATEMENT

Pro se plaintiff Donald Lee McDonald, a Stateville Correctional Center inmate, has brought a civil rights suit pursuant to 42 U.S.C. § 1983. Pending before the Court are plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), and complaint for an initial review pursuant to 28 U.S.C. § 1915A. (Dkt. No. 1).

The plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $12.96. The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from the plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the plaintiff's trust fund officer is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number. This payment obligation will follow the plaintiff wherever he may be transferred.

Plaintiff alleges that he suffers from high cholesterol. He claims that his health is endangered by the poor diet and lack of exercise provided at Stateville. Plaintiff may proceed with a deliberate indifference claim asserting that the lack of proper diet and exercise is harming his health. *Prude v. Clarke*, 675 F.3d 732, 734 (7th Cir. 2012); *Delaney v. DeTella*,

256 F.3d 679, 683 (7th Cir. 2001).

The Court notes that plaintiff has named the Director of the Illinois Department of Corrections, a prior Stateville warden, and current Stateville deputy warden as defendants. Plaintiff alleges that these individuals were responsible for creating and implementing the policies that resulted in the alleged harm to his health. Thus, the Court shall allow plaintiff to proceed against these defendants at this time. However, plaintiff should be aware that he has the ultimate burden of showing that these individuals were personally involved in causing the alleged constitutional violation through their actions. *Roe v. Elyea*, 631 F.3d 843, 864 (7th Cir. 2011). A defendant's status as a supervisor is not sufficient, by itself, to establish a basis for personal liability. *Matthews v. City of East St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012).

The Clerk is instructed to issue summonses for service on all defendants and send plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order. The United States Marshals Service is appointed to serve all defendants. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve defendants. With respect to any former employees who no longer can be found at the work address provided by the plaintiff, the Illinois Department of Corrections shall furnish the Marshal with defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the Court file, nor disclosed by the Marshal. Plaintiff is to provide the U.S. Marshals Service with a copy of the complaint and a proper form for request of waiver pursuant to Federal Rule of Civil Procedure 4(d)(1). The U.S. Marshals Service is requested to mail the complaint and appropriate papers for waiver of service by first-class mail to the named defendant pursuant to Rule 4(d)(1)(G).

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete Judge's copy, including any exhibits, of every document filed. In addition, plaintiff must send an exact copy of any court filing to defendants [or to defense counsel, once an attorney has entered an appearance on behalf of defendants]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the Judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to plaintiff.